IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ERNEST A. LANTZ and MALLE O. LANTZ,

    Plaintiffs,

    v.

DAIMLERCHRYSLER CORP., et al.,

    Defendants.
_____/

No. C 05-02698 CRB

**ORDER OF REMAND**

Now before the Court is plaintiff's motion to remand this case to state court. After carefully considering the papers submitted by the parties, the Court concludes that oral argument is unnecessary, see Local Rule 7-1(b), and grants the motion to remand for the reasons set forth below.[1]

### BACKGROUND

On June 30, 2005 Defendant DiamlerChrysler removed this case from the San Francisco County Superior Court, where the case was scheduled to go to trial on July 11, 2005. Removal was based on diversity jurisdiction, as plaintiffs are citizens of California and defendant DaimlerChrysler is a citizen of Michigan. In the Notice of Removal, DiamlerChrysler claimed that, although other non-diverse plaintiffs were originally named in the action, all of those defendants had been dismissed. It based this assertion solely on

---

[1] Plaintiff had also requested that his motion be heard on an expedited basis because of his poor health. Because the Court finds oral argument unnecessary, that request is moot.

plaintiff counsel's statement at a trial setting conference that there was only one defendant remaining in the action.

In fact, counsel's statement was inaccurate. Plant Insulation Co., a California Corporation, remained a named defendant in the lawsuit that had not yet been dismissed. Plant Insulation was properly served but had never answered. Plaintiffs state that they plan on seeking default judgment against plant insulation.

**DISCUSSION**

DiamlerChrysler makes two new arguments, not present in their removal notice, supporting their contention that this Court has jurisdiction over this case. First, they argue that Plant Insulation is a sham defendant that was fraudulently joined to prevent removal. Second, they claim that plaintiffs abandoned their claims against Plant Insulation.

With respect to fraudulent joinder, the burden on DiamlerChrysler is a heavy one. A defendant is deemed to be fraudulently joined "if a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to settled rules of the state." McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987) (citing Moore's Federal Practice (1986) para. O. 161[2]). In meeting its burden, DiamlerChrysler need not show that Plant Insulation was joined for the purposes of preventing removal, but instead "must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant." Good v. Prudential Ins. Co. of America, 5 F. Supp. 2d 804, 807 (N.D. CA 1998). A nondiverse defendant is deemed a sham if "after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." Kalawe v. KFC Mgmt. Co., 1991 WL 338566, at *2 (D. Haw. 1991) (citing Kruso v. Int'l Telephone & Telegraph Corp., 872 F.2d 1416, 1426 (9th Cir. 1989)). The failure to state a claim against the nondiverse defendant must be "obvious according to the well-settled rules of the state." United Computer Sys., Inc. v. AT&T Corp., 298 F.3d 756, 761 (9th Cir. 2002).

DiamlerChrysler has not met this burden. It bases the claim of fraudulent joinder on plaintiffs' purported failure during discovery to produce any evidence linking Plant Insulation to the injuries alleged in the complaint. This is, however, not the forum to adjudicate the sufficiency of plaintiffs' evidence of causation.[2] Plant Insulation has not answered and therefore faces default. Under those circumstnaces, all material allegations in the complaint regarding liability will be deemed admitted. See, e.g., Weiss v. Blumencranc, 61 Cal.App.3d 536, 542 n. 9 (Cal. Ct. App. 1976).

DiamlerChrysler argues that plaintiff's counsel is insincere in claiming that they plan to move for a default judgment against Plant Industries. However, this Court must resolve such credibility determinations in plaintiffs' favor. DiamlerChrysler's argument that plaintiffs' abandoned their claims against Plant Industries fails for the same reason. The Court must accept as true plaintiffs' claim that they have not abandoned their claims against Plant Insulation. Indeed, the Court finds nothing in the record that conclusively establishes that those claims were abandoned. Although DiamlerChrysler claims that counsel's oral statement to the Superior Court somehow had the legal effect of a voluntary dismissal, it is far from clear that counsel intended to do so, or that the Superior Court understood her to have done so. Indeed, it appears that counsel simply misspoke.

## CONCLUSION

For all of the reasons stated above, plaintiff's motion to remand is GRANTED.

**IT IS SO ORDERED.**

Dated: July 8, 2005

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[2] Even if it were necessary for this Court to reach such issues, it would be sufficient that plaintiffs have articulated a valid theory of causation against Plant Insulation: that Mr. Lantz was exposed to asbestos produced by the company while working at the Hunter's Point Naval Shipyards. While DiamlerChrysler may be right that admissions by Mr. Lantz' and plaintiffs' expert make it unlikely that plaintiff would prevail on such a claim, it cannot be said that it is impossible for causation to be shown. For example, although Mr. Lantz could not during his deposition recall being exposed to asbestos thermal insulation at Hunter's Point, it still may be the case that he in fact was exposed without knowing, or that he simply forgot.